IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ASTIN HILL, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 3:19-cv-00749 |
| v. | ) ) JUDGE RICHARDSON |
| MAINTANCE, *et al.*, | ) ) |
| Defendants. | ) ) |

## MEMORANDUM

Plaintiff Astin Hill, a pre-trial detainee currently in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against "Maintance" and the Davidson County Sheriff's Office. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.  PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–

1

21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

### IV. Alleged Facts

The complaint alleges that, while incarcerated in the Davidson County Sheriff's Office, Plaintiff's sink stopped draining on August 8, 2019. Plaintiff sought help from the facility maintenance workers, but no one has responded to Plaintiff's requests. Plaintiff is in his cell 23 hours a day. He has been unable to wash his face or hands or brush his teeth, and he has contracted an eye infection. According to the complaint, "the water in the sink created a smell w[h]ere it's unbearable to breathe . . . ." (Doc. No. 1 at 7). Plaintiff vomits "just about every time" he eats due to the smell. (*Id.*) Plaintiff would like the sink to be repaired or to change cells. He also seeks compensation for his eye infection and "the maintance [sic] not coming to see [him]." (*Id.* at 8.).

### V. Analysis

The complaint names two Defendants to this action: the Davidson County Sheriff's Office and "Maintance." (Doc. No. 1 at 2).

First, a police or sheriff's department is not an entity capable of being sued under 42 U.S.C § 1983. *See, e.g.*, *Durham v. Estate of Gus Losleben*, No. 16-1042-STA-egb, 2017 WL 1437209, at *2 (W.D. Tenn. Apr. 21, 2017); *McKinney v. McNairy Cnty., Tenn.*, 1:12-CV-01101, 2012 WL 4863052, at *3 (W.D. Tenn. Oct. 11, 2012); *Newby v. Sharp*, 3:11-CV-534, 2012 WL 1230764, at *3 (E.D. Tenn. Apr. 12, 2012); *Mathes*

*v. Metro. Gov't of Nashville and Davidson Cnty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010). Thus, the complaint fails to state claims upon which relief can be granted under Section 1983 against the Davidson County Sheriff's Office. These claims will be dismissed.

Next, the complaint names "Maintance" as a Defendant. The Court infers that Plaintiff intended to name the maintenance department of the Davidson County Sheriff's Office as a Defendant. However, the maintenance department of the Davidson County Sheriff's office is not a suable entity under Section 1983 either. *See Bertalan v. SCI Graterford State Prison*, No. 18-69, 2018 WL 491007, at *1 (E.D. Pa. Jan. 18, 2018) (finding that a state prison's maintenance department was not a "person" for purposes of Section 1983); *Smith v. Fox*, No. 4:07-1482-HFF-TER, 2007 WL 2156636, at *2 (D. S.C. July 25, 2007) ("Plaintiff's use of the term 'Maintenance Department' to refer to undisclosed individuals intended to be made defendants in a § 1983 action is the equivalent of the use of other collective terms such as 'staff'" and is "legally insufficient to name a 'person' as required by the statute . . . .").

Assuming for purposes of the required PLRA screening that Plaintiff also names Davidson County as a Defendant, a claim of municipal liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by Davidson County or its agent. *Monell Dep't of Social Svcs.,* 436 U.S. 658, 690-691 (1978). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013)..

However, Plaintiff's complaint does not: identify or describe any of Davidson County's policies, procedures, practices, or customs relating to the incidents at issue; identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of Plaintiff's rights; or identify any other previous instances of similar violations that would have put Davidson County on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metro. Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metro.*

3

*Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13, 2010). Thus, even if Plaintiff had named Davidson County as a Defendant, the allegations of the complaint are insufficient to state a claim for municipal liability under Section 1983.

The complaint does not name any individual employees of the maintenance department as Defendants. Neither does the complaint allege that the conditions of his confinement as described are the result of deliberate indifference by any individual employee of the maintenance department. "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety," and "the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Consequently, this claim must be dismissed. However, the Court will dismiss the claim *without prejudice*, in case Plaintiff is able to name any individual maintenance workers who acted with deliberate indifference towards Plaintiff in refusing to repair his sink.

**V.    Conclusion**

Having screened the complaint pursuant to the PLRA, the Court finds that Plaintiff's allegations fail to state claims under Section 1983 upon which relief can be granted. This complaint therefore will be dismissed. 28 U.S.C. § 1915A.

An appropriate Order will be entered.

                                                                                              *Eli Richardson*
                                                                                              ELI RICHARDSON
                                                                                              UNITED STATES DISTRICT JUDGE